```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**ALLSTATE INSURANCE COMPANY**                                  **PLAINTIFF**

VS.                                   CIVIL ACTION NO. 3:05CV89-WHB-AGN

**WILLIAM MILSTEAD,**
**DEBRA G. MILSTEAD, AND**
**JOEL HUSSENET**                                               **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1) the Motion for Entry of Default Judgment filed by Defendant Allstate Insurance Company (hereinafter "Allstate"), and

2) the Motion for Summary Judgment of Defendant Allstate.

Having considered the Motions, the Court finds that both are well taken and that both should be granted.

### I.  Factual Background and Procedural History

This declaratory judgment cause of action arises out of an insurance coverage dispute. Allstate issued two policies of insurance to Defendants William Milstead and Debra G. Milstead. One was a homeowners policy covering a residence located at 202 East Port, Brandon, Mississippi (hereinafter "East Port residence"), bearing policy no. policy no. 031843425. The other was a personal umbrella policy, bearing policy no. 031835302. Both of these policies were in effect at all times relevant to this suit.

On March 25, 1999, the Milsteads sold the East Port residence to Defendant Joel Hussenet.  The house later allegedly developed leaks in the exterior siding which caused damage to the improvements.  Hussenet filed suit against the Milsteads alleging that the East Port residence was defective and that the siding was improperly installed.  Hussenet also alleged other common law causes of action.  That suit, which is referenced herewith as the "underlying lawsuit," was filed in the County Court of Rankin County, Mississippi on July 9, 2002.  The underlying suit is styled <u>Joel Hussenet v. William L. Milstead and Debra G. Milstead</u>, No. 2002-758.

Allstate filed the subject suit in this Court on February 9, 2005.  Allstate seeks a declaration that:

> (1) No liability insurance coverage exists under either the Homeowners Policy or Personal Umbrella Policy for the Underlying Lawsuit or any alleged damages (compensatory or exemplary or otherwise) sought in the Underlying Lawsuit;
> (2) Allstate has no duty under or pursuant to either Policy (or otherwise) to defend or indemnify Mr. and Mrs. Milstead against the claims asserted by Mr. Hussenet in the Underlying Lawsuit or otherwise; and
> (3) Mr. Hussenet has no recourse against Allstate under either Policy, and neither [P]olicy is a source of recovery for his alleged damages.

Complaint, p. 16, *ad damnum* clause.

The Milstead Defendants failed to file Answers to the Complaint.  As a result, a Docket Entry of Default was entered against them on November 2, 2005.  <u>See</u> docket entry no. 16.  The Milsteads made no effort to have the Docket Entry of Default set

aside.  Allstate therefore filed the subject Motion for Entry of Default Judgment against the Milsteads on September 15, 2005.  The subject Motion for Summary Judgment was filed by Allstate on December 5, 2005.  Both of these Motions are now ripe for decision.

## II.  Analysis - Motion for Entry of Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits the entry of a default judgment against a defendant who fails to respond to the complaint within the time period set forth in the Rules of Civil Procedure.  Allstate has submitted proof that both of the Milstead Defendants were properly served with process.  Neither of these Defendants has responded to the Complaint or taken any action whatsoever to defend this case.  Therefore, the Court finds that the Motion for Entry of Default Judgment is well taken and should be granted.

## III.  Analysis - Motion for Summary Judgment

In Hussenet's Response to the Motion for Summary Judgment, he states that he "does not contest Plaintiff's Motion for Summary Judgment."  Accordingly, the Court finds that the subject Motion for Summary Judgment should be granted as to Defendant Hussenet.

## IV.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default Judgment against Defendants William Milstead and Debra Milstead (docket entry no. 18) is hereby granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (docket entry no. 19) is hereby granted as to Defendant Joel Hussenet.

A Final Declaratory Judgment will be entered which sets forth the declarations of the Court, and which dismisses this cause with prejudice.

SO ORDERED this the 25th day of January, 2006.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE

tct